IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARRY CHOYCE,

    Petitioner,

v.                                          No. CV 11-0450 JCH/GBW

FNU MARTIN, Warden, and
the ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on consideration of Petitioner Barry Choyce's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 27, 2011 (*doc. 1*) and Respondent's Answer, filed August 1, 2011 (*doc. 8*).

Since Mr. Choyce filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *See Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008). Respondent asserts that Mr. Choyce's petition contains both exhausted and unexhausted claims, and thus, his petition should be dismissed without prejudice. *Doc. 8.* Alternatively, Respondent contends that Mr. Choyce's petition should be denied as time barred. *Id.* For the reasons described herein, I find that Mr. Choyce has presented the

1

Court with a mixed petition and recommend that he be given thirty days to file a one-page certification stating that he has elected to delete his unexhausted claims or to provide evidence that he properly filed additional petitions for relief[1] that show his claims are exhausted. At the expiration of thirty days, if Petitioner is unable to provide such evidence and elects not to file a motion dismissing his unexhausted claims, I recommend dismissing his petition without prejudice in its entirety.

## BACKGROUND

On August 14, 2008, Petitioner was convicted following a jury trial in the Fifth Judicial District, Lea County of New Mexico, in No. CR2007-366C of trafficking a controlled substance (cocaine), a second degree felony, contrary to Section 30-31-20, NMSA 1978. *Doc. 8* at Exh. A. On December 5, 2008, a District Judge found that Petitioner was a habitual offender and sentenced him to nine years plus an eight year enhancement for a total of seventeen years of incarceration. *Id.* Nevertheless, the judge suspended nine years of the sentence, reducing Petitioner's length of incarceration to eight years plus two years parole. *Id.*

Mr. Choyce, through counsel, filed a notice of direct appeal and a docketing statement to the New Mexico Court of Appeals. *Doc. 8* at Exhs. B, C. In his docketing

---

[1] In other words, Petitioner must provide evidence of state petitions that are not included as exhibits to Respondent's Answer.

statement, Mr. Choyce presented three issues: (1) whether he was entitled to a removal of the Assistant District Attorney, Chris Mills; (2) whether juror Freddie Heckard was the victim of a peremptory challenge based solely upon his race; and (3) whether he was entitled to a directed verdict on the basis of an improper identification process. *Id.* at Exh. C. The Court of Appeals filed a proposed summary disposition that recommended affirming the conviction, and Mr. Choyce, through a different attorney (Craig Kling), filed a memorandum in opposition to the proposed disposition, again arguing the three issues presented in his docketing statement. *Id.* at Exhs. D, E. The Court of Appeals found Mr. Choyce's memorandum in opposition unpersuasive and, on August 12, 2009, affirmed his conviction. *Id.* at Exh. F.

Mr. Choyce (through Mr. Kling) then filed a petition for a writ of certiorari with the New Mexico Supreme Court, in which he pursued only his claim that juror Freddie Heckard was improperly challenged based solely upon his race. *Doc. 8* at Exh. G. The New Mexico Supreme Court denied certiorari on September 30, 2009. *Id.* at Exh. H. There is no evidence in the record that Petitioner filed a habeas petition in state court or filed any other petitions for relief of his conviction.

On May 27, 2011, Mr. Choyce filed a *pro se* petition for a writ of habeas corpus in this Court. *Doc. 1*. In his petition, Mr. Choyce requests that this Court either overturn his conviction or "retry case with proper instructions." *Id.* at 16. His petition presents four

3

grounds for relief, though many of those "grounds" include sub-parts.

Construing his Complaint liberally, in his first ground, Petitioner asserts that his conviction should be found invalid because their was insufficient evidence to support the conviction. *Id.* at 6. Specifically, Petitioner asserts that: (1) the "Court of Appeals did not use transcripts from trial court to support its claims;" (2) he was found guilty despite the dearth of fingerprints, marked money, or "audio, visual (including but not limited to cameras or photos)," and (3) he was improperly identified by the charging agent. *Id.* Petitioner claimed that he raised these issues in his direct appeal but also offers an explanation for not exhausting these claims: "Made good faith attempt but my certiorari was never answered timely by the Court of Appeals thus preventing my ability (disqualifying) to move to a higher State Supreme Court." *Id.* at 6-7.

In his second ground, Petitioner again argued that the peremptory challenge of the only African-American juror on the jury panel was improper. *Id.* at 8. He noted that he included that claim in his direct appeal and in a petition for writ of certiorari.[2] *Id.*

In his third ground, Petitioner asserts that he should have been granted a directed verdict when, during trial, the arresting officer identified Petitioner from a single photograph rather than from a photo array. *Doc. 1* at 9. He noted that he included that

---

[2] Strangely, Petitioner further asserted that the court never answered his petition. *Doc. 8* at 8; *but see doc. 8* at Exh. H (order from the New Mexico Supreme Court denying Petitioner's writ for certiorari).

4

claim in his direct appeal and asserted that he then included the claim in a petition for writ of certiorari that was never answered. *Id.* at 10; *but see doc. 8* at Exh. H (order from the New Mexico Supreme Court denying Petitioner's writ for certiorari).

Petitioner's final ground for relief is entitled "False Imprisonment VIII and XIII U.S.C.A.," and contains a hodgepodge of supporting facts. *Doc. 1* at 11. Petitioner asserts: (1) that he maintains his innocence, (2) that there was no evidence to support his conviction because there were no fingerprints, audio/visual or marked money, and his conviction hinged on the "hearsay" of one officer who could only identify Mr. Choyce after being given a single photograph (when the officer should have been required to select Mr. Choyce's picture from an array of photographs), and (3) that agents used contingency funds in their investigation but had no records. Petitioner again asserts that he included that claim in his direct appeal and in a petition for writ of certiorari that was "not review[ed]." *Id.* at 11-12; *but see doc. 8* at Exh. H (order from the New Mexico Supreme Court denying Petitioner's writ for certiorari).

Respondent argues that Mr. Choyce's petition is a "mixed" petition containing both exhausted and unexhausted claims. *Doc. 8* at 1-2. Respondent asks that this Court either dismiss Mr. Choyce's petition without prejudice since state remedies have not been exhausted as to all claims, or dismiss Mr. Choyce's petition with prejudice because it is time-barred. *Doc. 8* at 9. At this point, the Court will address only Respondent's argument

that Mr. Choyce's Petition is mixed.

## EXHAUSTION

An applicant for relief under 28 U.S.C. § 2254 must first exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland*, 459 F.3d at 1011 (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)). Additionally, the applicant must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes pursuing discretionary review when that review is part of a state's ordinary appellate review process. *Id.* Finally, "[a] state prisoner bears the burden of showing he has exhausted available state remedies." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Here, it appears that Petitioner has presented both exhausted and unexhausted claims in his federal habeas application. The only ground in his petition that has received one full round of state review is his second: that a juror was inappropriately challenged on account of his race. *See doc. 8,* Exh. C (Petitioner's direct appeal docketing statement), Exh. E (Petitioner's opposition to summary affirmation of conviction), Exh. F (New Mexico Court of Appeals affirmation of conviction), Exh. G (petition for writ of certiorari on Court of Appeals' disposition of Petitioner's direct appeal), Exh. H (New Mexico Supreme Court

denial of certiorari).[3]

In his direct appeal, Petitioner did assert that he was entitled to a directed verdict on account of the arresting officer's allegedly improper identification of Petitioner at the trial (Ground Three in the federal petition). *Doc. 8*, Exh. C at 7; Exh. E at 4-6. In his petition for writ of certiorari, however, Mr. Choyce abandoned that claim and instead focused solely on the improper juror challenge issue, *id.* at Exh. G, rendering the claim unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)(holding that exhaustion requires one complete round of a state's established appellate review process); *see also Jernigan v. Jaramillo*, No. 11-2066, slip op., 2011 WL 3605835 at *4 (Aug. 17, 2011)(unpublished)(noting that even attaching lower court petitions and orders that squarely assert/address a claim to a petition for writ of certiorari does not satisfy the exhaustion requirement where the petitioner "fails to separately assert the claims that they present in his state certiorari petition."). Moreover, the record reflects that the rest of Petitioner's arguments have *never* been raised in any state proceeding. Thus, I find that

---

[3] Even if Petitioner had not exhausted this claim, Respondent appears to have waived any exhaustion defense to this claim by conceding that "Ground Two [was] completely exhausted by Petitioner." *See doc. 8* at 9. While Respondent did state generally that it did not expressly waive the exhaustion requirement (*id.*), the concession regarding exhaustion of Ground Two waives the exhaustion defense. *See Richwine v. Romero*, No. 10-2247, slip op., 2011 WL 2066552 at *3 (10th Cir. May 26, 2011)(unpublished)(holding that a respondent waived its exhaustion defense when it stated that a petitioner had exhausted his claims even when the respondent had earlier stated that it did "not expressly waive the exhaustion requirement").

Petitioner's Grounds One, Three and Four are unexhausted.

On several occasions in his federal petition, Mr. Choyce makes reference to a state petition that went unanswered. *See doc. 1* at p. 4, 5, 6, 8, 10, 11-12. To the extent Mr. Choyce is asserting that he filed an additional state petition that raises the remainder of the claims asserted in his Grounds One, Three, and Four of his federal petition, the record does not support such a finding. On July 1, 2011, I ordered Respondents to answer Mr. Choyce's petition, and in that order I specified:

> Respondent shall attach to its answer copies of any pleading pertinent to the issue of exhaustion which was filed by Applicant in the sentencing court, the state district court, the state court of appeals and the state supreme court, together with copies of all memoranda filed by both parties in support of or in response to those pleadings. Respondent shall also attach to the answer copies of all state court findings and conclusions, docketing statements, and opinions issued in Applicant's state court post conviction or appellate proceedings.

*Doc. 6* (emphasis in original).

Respondent attached ten exhibits to its answer "for review of the state court record:" Mr. Choyce's Judgment and Sentence (Exhibit A), his Notice of Appeal (Exhibit B), his Docketing Statement (Exhibit C), The Court of Appeals' Notice of Proposed Summary Disposistion (Exhibit D), Mr. Choyce's Memorandum in Opposition (Exhibit E), the Court of Appeals' Memorandum Opinion (Exhibit F), Mr. Choyce's Petition for Writ of Certiorari seeking review of the Memorandum Opinion at Exhibit F (Exhibit G), the order from the Supreme Court denying certiorari (Exhibit H), the Mandate from the Court of Appeals noting that the decision was final (Exhibit I), and a copy of the state

8

district court docket sheet for cause number CR-2007-366 printed on July 26, 2011 (Exh. J).  *Id.* at 4-5.  As mentioned above, there is only one petition for writ of certiorari among these exhibits, and only the argument in Ground Two of the federal petition mirrors the arguments presented in that state petition for writ.  *See doc. 8* at Exh. G.

Moreover, Respondent acknowledged Petitioner's repeated implications that he filed a petition for writ of certiorari that asserted all of his grounds for relief, but that such petition went unanswered.  *Doc. 8* at 11-12.  To that implication, Respondent noted that it made the following inquiries:

> The New Mexico Court of Appeals was contacted on July 8, 2011, and a search of their records indicates that Petitioner has filed no additional petitions for relief following his direct appeal.  The New Mexico Supreme Court was contacted on July 10, 2011, and a search of their records indicates Petitioner filed no additional petitions for relief following his direct appeal.

*Doc. 8* at 13.  Additionally, this Court has visited the website for the appellate opinions from New Mexico's Supreme Court and Court of Appeals.[4]  That website provides lists of all published opinions decided between January 2010 and the present date, all unpublished opinions decided thus far in 2011, and, most significantly, all petitions for

---

[4] See http://www.nmcompcomm.us/nmcases/NMCases.aspx.  Date of last visit: August 19, 2011.

writ of certiorari that were denied or granted between January 2010 and July 2011.[5] This Court searched the lists of all available opinions, (published, unpublished, and slip opinions from both the Supreme Court and the Court of Appeals) for "Choyce," and there were no matches. The Court then searched for "Choyce" in the nineteen separate PDF files that list all the cert petitions that were denied or granted between January 2010 and July 2011.[6] There were no matches. Thus, unless Petitioner affirmatively alleges that he filed an additional state petition not already attached to Respondent's answer and provides evidence that such petition was filed, I recommend finding that no such petition exists and the claims contained in Ground One, Three, and Four of Mr. Choyce's petition are unexhausted.

Treatment of "Mixed Petition":

Given that Mr. Choyce's petition contains both exhausted and unexhausted claims, his petition is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Since Mr. Choyce has presented a "mixed petition" this Court has limited options regarding how to handle his habeas application. This Court may do one of four things: "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the

---

[5] See http://www.nmcompcomm.us/nmcases/NMCert.aspx. Date of last visit: September 19, 2011.

[6] Those PDF documents have been consolidated into a single 42-page paged document attached to this report as Exhibit 1.

petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

Given the complexity of Petitioner's unexhausted claims, they are not readily dismissed on the merits. Consequently, I do not believe it is appropriate to review them and ignore the exhaustion requirement.

Moreover, I will not recommend dismissal of the case without prejudice as an initial solution. AEDPA contains a one-year statute of limitations governing habeas claims. *See* 28 U.S.C. § 2244(d). Federal habeas petitions do not toll the limitations period. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). By the time the deadline for objections passes and the presiding judge rules on my recommendations, this suit will have been pending for more than five months in federal court. Because the AEDPA statute of limitation would not be tolled during that time, those days would be added to the (likely) several months that elapsed between the time the state court denied Mr. Choyce's last "properly filed application for State post-conviction or other collateral review." 28 U.S.C.A. § 2244(d)(2); *See e.g., Rhines v. Weber,* 544 U.S. 269, 274-75 (2005) ("Although the limitations period is tolled during the pendency of a 'properly filed

application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations") (*citing Duncan v. Walker,* 533 U.S. 167, 181-82 (2001)). It may be, as Respondent argues, that Petitioner is already in violation of the AEDPA statute of limitation. All the evidence currently before the Court indicates that Mr. Choyce's last properly filed application for state post-conviction or other collateral review was decided on September 30, 2009, and Mr. Choyce did not file his federal habeas petition until May 27, 2011. *See doc. 8* at Exh. H; *doc. 1.* The Court, however, will be in a better position to decide the issue of whether the present petition is time-barred once Petitioner has been given an opportunity to explain and provide evidence of his claim that he filed an additional state petition that went unanswered. Nevertheless, in the event Mr. Choyce's federal petition is not already time-barred, the additional four month pendency of the federal petition may well render any later filed petition time-barred, and thus I do not recommend dismissal of the case without prejudice as an initial solution.

Similarly, it does not appear that the "stay and abeyance" mechanism is appropriate in this case. The Supreme Court has explained that the "stay and abeyance" method should only be used where the petitioner can: (1) show good cause for failing to present the claims before the state court in the first instance; and (2) show

12

that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Choyce has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claims to the state court. Moreover, nothing in the pleadings before the court points to the existence of the requisite "good cause." Thus, I do not recommend the stay and abeyance mechanism in this case.

In light of these considerations, I recommend that this Court allow Petitioner the opportunity to (1) provide evidence that he properly filed an additional state petition not already included as an exhibit to Respondent's Answer, and (2) amend his federal petition to delete the unexhausted claims. Instead of permitting Mr. Choyce to file another federal petition, I believe that the best procedure would be to have Petitioner signify his deletion of Grounds One, Three and Four by a one-page document.

Of course, Petitioner may instead elect to return to state court to present his unexhausted claims. But, if he does, this federal habeas suit will be dismissed. Petitioner is hereby advised that, in such a circumstance, the federal habeas one-year limitations period would apply to all his claims, even those which are now exhausted and properly before this court. *See generally Salazar v. Lemaster*, 130 Fed. App'x 208, 210 (10th Cir. 2005). In short, given the time that has elapsed already, the likely consequence of this option would be that all of Petitioner's federal claims would be time-barred.

CONCLUSION

While Ground Two of Mr. Choyce's Petition has been exhausted, the claims asserted in Grounds One, Three, and Four have not.  Since, Mr. Choyce presents this Court with a mixed petition, he should amend his federal petition to delete the unexhausted claims or request this Court dismiss his petition without prejudice so that he may exhaust those claims in state court.  Alternatively, he should provide this Court with evidence that he properly filed an additional state petition that demonstrates his claims have been exhausted.

Wherefore,

IT IS HEREBY RECOMMENDED THAT:

(1)     the claims in Grounds One, Three, and Four be found unexhausted and the federal petition "mixed;"

(2)     If these proposed findings are adopted,  within thirty days of the District Judge's Order adopting these findings Mr. Choyce must file (a) evidence that he properly filed a state petition not already attached to Respondent's answer that establishes that his claims are exhausted, and/or (b) a one-page certification stating that he has elected to delete his unexhausted claims;

(3)     If these proposed findings are adopted and Mr. Choyce fails to file such evidence or a certificate to delete the unexhausted claims within thirty days of the

14

District Judge's Order, he is put on notice that his Petition can be dismissed and that the AEDPA statute of limitations applies to all claims brought in this action.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE